UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER

       Petitioner,

                                CASE NO. 05-CV-72727-DT
v.                                 JUDGE ARTHUR J. TARNOW
                                MAGISTRATE JUDGE PAUL KOMIVES

BARRY DAVIS,

       Respondent,
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Petitioner James Butler is a state prisoner, currently confined at the Newberry Correctional Facility in Newberry, Michigan. Petitioner is serving a sentence of life imprisonment without possibility of parole following his 1987 convictions for first degree murder and possession of a firearm during the commission of a felony. Petitioner appealed his conviction to the Michigan Court of Appeals, raising claims of insufficiency of the evidence and improper admission of evidence. The Michigan Court of Appeals affirmed petitioner's conviction on September 11, 1989. *See People v. Butler*, No. 109600 (Mich. Ct. App. Sept. 11, 1989). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on June 5, 1990. *See People v. Butler*, No. 87589 (Mich. June 5, 1990).

On July 7, 2005,[1] petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his conviction was the result of a conspiracy between the State of Michigan and the federal government to deprive him of his rights by violating the secrecy of federal grand jury proceedings, suppressing exculpatory evidence, and knowingly presenting perjured testimony. On January 3, 2006, respondent filed a motion for summary judgment, arguing that the petition is barred by the one-year limitations period governing habeas applications. Petitioner filed a response to the motion on January 20, 2006. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.      *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized

---

[1]Although petitioner's application is file-stamped July 11, 2005, it was dated by petitioner on July 7. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on July 7, 2005.

by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the first is applicable here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
      In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the

---

    [2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, it is clear that petitioner's convictions became final before the enactment of the AEDPA. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until July 7, 2005, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner did not file any postconviction motion for relief from judgment in the state courts. Thus, there is no tolling to be had under § 2244(d)(2). Accordingly, petitioner's application is untimely, unless one of his arguments for the inapplicability of § 2244(d)(1)(A) has merit.

C.  *Petitioner's Arguments*

In his response, petitioner does not challenge the foregoing application of the limitations, but nevertheless argues that his petition is not barred for two reasons. First, he contends that his petition is not subject to the limitations provision because he brings his habeas action pursuant to 28 U.S.C. § 2241, rather than pursuant to 28 U.S.C. § 2254. Second, he argues that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B) because of state created impediments to the filing of his petition. The Court should conclude that each of these arguments lacks merit.

4

1.  *Applicability of the Limitations Provision*

Petitioner first contends that he brings this habeas action pursuant to 28 U.S.C. § 2241, not § 2254, and thus that the limitations provision does not apply. The Court should reject this argument.

A habeas petitioner is "not permitted to circumvent the procedural requirements and gatekeeping mechanisms of § 2254 and § 2255 merely by labeling a petition as one brought under § 2241." *Woodfin v. Angelone,* 213 F. Supp. 2d 593, 595 (E.D. Va. 2002). Several courts of appeals, including the Sixth Circuit, have held that the AEDPA's one-year statute of limitations applies equally to habeas petitions filed by state prisoners under 28 U.S.C. § 2241. *See Brock v. Howes,* 96 Fed. Appx. 968, 969 (6th Cir. 2004); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir. 2000). District courts have reached the same conclusion. *See McLean v. Smith,* 193 F. Supp. 2d 867, 872 (M.D.N.C. 2002); *Woodfin,* 213 F. Supp. 2d at 595-96 (dismissing habeas petition brought by state prisoner under § 2241 as being time barred by the AEDPA's statute of limitations period). As the Seventh Circuit explained in *Owens*, this conclusion is compelled by the plain language of § 2244: "Section 2244(d)(1) applies to every 'application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' It does not distinguish between applications under § 2241 and those under § 2254." *Owens*, 235 F.3d at 360; *cf. Felker v. Turpin*, 518 U.S. 651, 662 (1996) (a court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"). Accordingly, the Court should conclude that petitioner's application is subject to the limitations provision found in § 2244(d), regardless of whether it is characterized as a petition under § 2241 or § 2254.

   2. *Calculation of Limitations Period Based on Impediment to Filing*

Petitioner also contends that he is entitled to a delayed starting of the limitations clock based on a state created impediment to filing. As explained above, under § 2244(d)(1), the limitations period may commence on any of four different dates. In the normal case, the limitations period will begin on the date the conviction becomes final. Under this starting period, as explained above, petitioner's application is untimely. However, the commencement of the limitations period may be delayed until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner contends that he is entitled to the benefit of this provision because the state/federal government conspiracy prevented him from filing his habeas application. The Court should reject this claim.

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Specifically, "'[s]ection 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001).

Here, petitioner states only in conclusory fashion that the state/federal conspiracy prevented him from filing his petition in a timely manner. He offers no specifics to support this claim, such as what state created impediments existed or how they delayed his ability to file his application. That is, petitioner does not "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winfield*, 66 Fed. Appx. at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000)

6

(internal quotation omitted)). To the extent that petitioner bases this argument on the state or federal government's suppression of evidence, there is no evidence that this alleged suppression of evidence prevented petitioner from filing his habeas application in a timely manner. By the facts set forth in petitioner's habeas application and his motion for discovery filed on January 26, 2005, it is clear that petitioner has yet to receive the supposedly suppressed documents. Notwithstanding this, he has filed his habeas application. "The fact that [petitioner] was able to file his [habeas petition] while the alleged impediment still existed . . . also suggests that [petitioner] was not prevented by [the state's action] from timely filing his habeas petition." *Winkfield*, 66 Fed. Appx. at 582; *see also*, *Lloyd v. Miller*, 152 F. Supp. 2d 1119, 1122 (N.D. Ind. 2001) ("The fact that Lloyd eventually filed his petition without the transcripts indicates that he could just as easily have filed a timely petition and continued to seek the transcripts."); *Neuendorf*, 110 F. Supp. 2d at 1153. Accordingly, the Court should conclude that petitioner is not entitled to a delayed starting of the limitations period under § 2244(d)(1)(B).

D.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    s/Paul J. Komives  
                                    PAUL J. KOMIVES  
                                    UNITED STATES MAGISTRATE JUDGE

Dated: 1/31/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2006.
>
>                               s/Eddrey Butts  
>                               Case Manager