UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES BUTLER, | ) | Case No. 05-72727 |
| | ) | |
| Petitioner. | ) | Arthur J. Tarnow |
| | ) | District Judge |
| v. | ) | |
| | ) | Paul Komives |
| BARRY DAVIS, | ) | Magistrate Judge |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITIONER'S MOTION
FOR CERTIFICATE OF APPEALABILITY AND
DENYING MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS [DE 33]**

On April 10, 2006, the Court adopted the Magistrate Judge's report and recommendation and dismissed Petitioner's *habeas corpus* challenge as untimely. Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, Petitioner's motion is denied.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A).; Fed. R. App. P. 22(b). The United States Supreme Court has described the applicable standard as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

As discussed in the report and recommendation, Petitioner's conviction became final

prior to the enactment of AEDPA.  Therefore, he had until April 24, 1997 to file his *habeas* petition.  Petitioner did not file his *habeas* petition until July 7, 2005.

Petitioner argues that the statute of limitations was tolled because the state created impediments to the filing of his petition.  Petitioner does not specify how the state created any impediments to filing.  However, his argument appears to be that the state somehow prevented filing as part of its overall conspiracy to falsely convict him.

The Court finds that its procedural ruling as to the timeliness of Petitioner's *habeas corpus* petition would not be debatable among jurists of reason.  Therefore,

IT IS HEREBY ORDERED that Petitioner's motion for certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager