UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

       Petitioner,                          CASE NO. 2:05-cv-72727

v.                                        HONORABLE ARTHUR J. TARNOW

BARRY DAVIS,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND INDEPENDENT SUIT IN EQUITY [ECF NO. 51] AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction and Background

This matter initially came before the Court on petitioner James Butler's *pro se* habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 1.) The petition challenged Petitioner's Michigan convictions for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws §750.227b.

Petitioner asserted in his habeas petition that the United States Department of Justice violated his rights and obstructed justice during a federal grand jury investigation that resulted in his indictment on federal charges in 1987. Petitioner alleged that he was acquitted of the federal charges, but subsequently was arrested on state charges and convicted of murder and felony firearm in state court. Petitioner

further alleged that his state-court conviction was based on information acquired from Dion Wilson, who testified during the federal grand jury proceeding. Petitioner maintained that the Department of Justice and the State of Michigan violated his rights to grand jury secrecy and nondisclosure of grand jury information by using Wilson as a witness in Petitioner's state criminal case. (ECF No. 1, PageID. 5-9, 12-13, 28-30.)

The State moved for summary judgment in this case on the basis that Petitioner had failed to comply with the one-year statute of limitations for habeas petitions. (ECF No. 17.) The Court referred the case to the magistrate judge for a report and recommendation. (ECF No. 18.) The magistrate judge subsequently recommended that the Court grant the State's motion and dismiss the habeas petition as untimely. (ECF No. 33.)

On April 10, 2006, the Court adopted the magistrate judge's report and recommendation as the Court's findings and conclusions. The Court then granted the State's motion for summary judgment and dismissed the habeas petition. (ECF Nos. 39 and 40.) Petitioner appealed the Court's decision (ECF No. 43), but on November 6, 2006, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability (ECF No. 50).

Now before the Court is Petitioner's motion for relief from judgment and independent suit in equity. (ECF No. 51.) Petitioner brings his motion under Rules

60(b)(6), 60(d)(1), and 60(d)(3) of the Federal Rules of Procedure. He alleges in his motion that the Court erroneously applied the statute of limitations to his case and that the Court's failure to address the merits of his claims deprived him of due process and caused him to suffer a grave miscarriage of justice. (ECF No. 51, PageID. 1178.)

Petitioner also contends in his motion that state and federal actors aided and abetted each other in defrauding state and federal courts for the purpose of depriving him of his liberty and civil rights. *Id.*, PageID. 1186. Petitioner further alleges that the Michigan assistant attorney general who filed a responsive pleading in this case concealed and misrepresented material facts regarding the State's role in the Government's scheme to obstruct justice and defraud the federal court. *Id.*, PageID. 1187. Petitioner wants the Court to vacate its judgment of dismissal, to re-open this case, and to rule on the merits of his claim that the Government obstructed justice and committed a fraud on the court during the federal grand jury proceeding. *Id.*, PageID. 1179.

## II. Discussion

### A. The Rule 60(b)(6) Motion

Federal Rule of Civil Procedure "60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*

*v. Crosby*, 545 U.S. 524, 528 (2005). Under Rule 60(b)(6), the provision on which Petitioner relies, a district court may vacate a final judgment for any reason that justifies relief.

A Rule 60(b) motion that alleges fraud on a federal habeas court is not the equivalent of a second or successive habeas petition, because such motions attack a defect in the integrity of the proceedings. *Gonzalez*, 545 U.S. at 532 n.5; *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013). Nevertheless, a Rule 60(b)(6) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Here, after the Sixth Circuit Court of Appeals declined to issue a certificate of appealability on November 6, 2006, Petitioner took no further action in this case until September 12, 2019, when he filed the pending motion under Rule 60. Furthermore, Petitioner's motion is not based on new information. Petitioner raised his underlying claim about secrecy in federal grand jury proceedings in his habeas corpus petition. The Court, therefore, concludes that Petitioner could have brought his Rule 60(b)(6) motion sooner, and because his motion was not filed within a reasonable time, it is untimely.

### B. The Independent Suit in Equity under Rule 60(d)

#### 1. Legal Framework

Unlike motions brought under Rule 60(b), an action under Rule 60(d) has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594 (6th Cir. 2011). Further, it

permits a court "to entertain an independent action to relieve a party from a judgment" and to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1) and (3). Nevertheless, independent actions sounding in equity are "available only to prevent a grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and "a 'grave miscarriage of justice' is a 'stringent' and 'demanding' standard." *Mitchell*, 651 F.3d at 595. To prevent a grave miscarriage of justice in a federal habeas corpus case, a petitioner must make a strong showing of actual innocence. *Id*. at 595-96.

Petitioner maintains that he is entitled to relief under Rules 60(d)(1) and (3) because state and federal prosecutors committed a fraud on the courts. Fraud on the court is

> conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court. *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993). [A habeas petitioner] has the burden of proving the existence of fraud on the court by clear and convincing evidence.

*Carter v. Anderson*, 585 F.3d 1007, 1011–12 (6th Cir. 2009) (citing *Info–Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008)).

## 2. Application

Petitioner appears to be arguing that state and federal officials committed a fraud on the court by producing Dion Wilson as a prosecution witness at Petitioner's

5

state criminal trial. Wilson testified in state court that he heard Petitioner say he intended to kill the victim and that he (Wilson) subsequently observed one of Petitioner's employees force the victim into a car with Petitioner. According to Petitioner, state and federal officials failed to disclose that Wilson was incarcerated when he supposedly heard Petitioner's comment about the victim and observed the victim being forced into a car with Petitioner. *See* Mot., ECF No. 51, PageID. 1182, 1187. For the following reasons, the Court finds that Petitioner's allegations do not establish a fraud on this Court.

The Court acknowledges that attorneys are officers of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber* Co., 536 F.2d 1115, 1119 (6th Cir. 1976). But even if state and federal prosecutors directed their conduct to the judicial machinery and concealed material information about Dion Wilson, the fraud would have been perpetrated against the state court in Petitioner's state criminal case. To prevail on his claim of fraud, Petitioner "must show by clear and convincing evidence that a fraud was perpetrated on the federal court, not just the state court." *Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013). Stated differently, "for a claim of fraud on the court to succeed, the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002) (citing *Workman v. Bell*, 227 F.3d 331, 336, 341 (6th Cir. 2000) (*en banc*)).

The prosecutors involved in Petitioner's federal and state criminal cases were not involved in this case and thus were not officers of the federal habeas court. Furthermore, although Petitioner alleges that the assistant attorney general who filed a response to his habeas petition advanced the state and federal prosecutors' objectives, the assistant attorney general did not falsify the facts or act in reckless disregard for the truth. He merely argued that the Court was barred from reviewing the substantive merits of Petitioner's claims due to Petitioner's failure to comply with the habeas statute of limitations.

The assistant attorney general's argument was based on clearly established federal law, and because the attorney presented the Court with an accurate summary of the procedural history of Petitioner's case, his conduct did not deceive the Court. Both the magistrate judge and the Court agreed with the attorney's analysis and concluded that the habeas petition was time-barred. Petitioner, therefore, has failed to demonstrate that the State committed a fraud on the Court.

Petitioner also has failed to make a strong showing of actual innocence, which is needed to prevent a grave miscarriage of justice under Rule 60(d). The evidence at trial established that:

> one of defendant's employees forced the deceased at gunpoint into a white four-door sedan occupied by three individuals, with defendant. Two witnesses heard gunshots at the location where the victim's body was found and several people were seen getting into a white sedan and leaving the scene. One of the witnesses testified that the white car at the scene was a four-door.

7

> Police officers testified that forty-five caliber shell casings were recovered near the body. Expert testimony was heard that the casings all came from the same gun, that there was a probability the gun was an automatic of some type, and that the three bullets recovered from the body and one found near the body all came from the same gun. Further testimony revealed that defendant frequently carried a .45 caliber automatic handgun. Evidence was also introduced that defendant had previously stated that he intended to kill the victim and that the motive for this killing was a dispute over money.

*People v. Butler*, No. 109600, at 2 (Mich. Ct. App. Sept. 11, 1989).

The Michigan Court of Appeals determined that this evidence was sufficient to support Petitioner's conviction for first-degree murder. Petitioner has not produced any new evidence of actual innocence, and even if Dion Wilson perjured himself at Petitioner's trial, a witness's alleged perjury does not suffice to constitute a fraud on the court. *Preferred Properties, Inc. v. Indian River Estates, Inc.,* 214 F. App'x 538, 540 (6th Cir. 2007) (citing *H.K. Porter Co.*, 536 F.2d at 1118)).

### III. Conclusion

Petitioner's motion under Rule 60(b)(6) is untimely because it was not brought within a reasonable time, and Petitioner's argument under Rules 60(d)(1) and (3) fails because Petitioner has not shown that state or federal attorneys committed a fraud on this Court. Petitioner also has not demonstrated that a grave miscarriage of justice will occur unless the Court re-opens this case and addresses his habeas claims on the merits. The Court, therefore, denies Petitioner's Rule 60 motion (ECF No. 51).

The Court also declines to issue a certificate of appealability. Reasonable jurists could not disagree with the Court's resolution of Petitioner's claim, nor conclude that Petitioner's claim deserves encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

    _s/Arthur J. Tarnow_____
    ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

Dated: February 18, 2020